# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RUSSELL LIPPERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:03-CV-2741-VEH |
| | ) |
| **COMMUNITY BANK, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

This lawsuit was initiated on October 6, 2003. (Doc. #1). On June 28, 2004, the undersigned inherited this case upon reassignment. (Doc. #31). This case is on remand by the Eleventh Circuit (Doc. #85), and is set for trial beginning Monday, December 4, 2006, in accordance with the Pretrial Order (Doc. #86) entered on June 1, 2006. Pending before the court is Defendant Community Bank's ("Community") Amended Motion to Strike Jury Demand (Doc. #110) filed on September 29, 2006. Plaintiff Russell Lippert filed his opposition (Doc. #113) on October 23, 2006, and Community filed its reply (Doc. #114) on October 25, 2006. As discussed more fully below, Community's Amended Motion to Strike Jury Demand is **GRANTED IN PART** and **DENIED IN PART**. More specifically, Community's Amended Motion to Strike Jury Demand is **GRANTED** with respect to any award for front pay sought

by Lippert, and is **DENIED** in all other respects.

II.   **ANALYSIS**

    A.   **Procedurally, Community has not waived any objection to Lippert's demand for a jury trial.**

Lippert argues that Community has waived any objection to Lippert's right to have a jury determine his claims. More specifically, Community waited nearly three (3) years before it filed a motion seeking to strike Lippert's jury demand. Moreover, Community jointly submitted a proposed pretrial order which became final on June 1, 2006. (Doc. #86). The Pretrial Order does not indicate that Community intends to challenge the jury issue. Instead it acknowledges that the case will be tried to a jury. (Doc. #86 ¶ 8). *See Stockton v. Alton*, 432 F.2d 946, 949 (5th Cir. 1970) ("Regardless of whether a jury trial was required as a matter of course, however, it was proper here because appellant consented to it."). Additionally, Community has not sought to modify the Pretrial Order. Furthermore, the court has "broad discretion to preserve the integrity and purpose of the pre-trial order." *Morro v. City of Birmingham*, 117 F.3d 508, 516 (11th Cir. 1997). Therefore, under different circumstances, the court might well find that Community had waived its challenge.

However, under the circumstances of this case, the court finds that Lippert has waived the issue of waiver. "The court held a status conference on August 30, 2006.

. . . During this conference, Defendants indicated that they were considering whether to file a motion concerning Plaintiff's right to a jury trial. Accordingly, Defendants are **ORDERED** to file any such motion within thirty (30) days from the entry date of this Order." (August 30, 2006 Order, Doc. #96). Defendants' instant motion was filed within the deadline set by the court. Further, Plaintiff did not object, either at the status conference or in response to the court's August 30, 2006 Order, to the court's entertaining such a challenge. Therefore, Lippert has waived any argument that Defendants waived their right to challenge Lippert's jury demand.

>    **B.    Substantively, Lippert is entitled to a jury trial on all issues with the exception of front pay.**

Lippert's retaliatory discharge claim is premised upon 12 U.S.C. § 1831j. Title 12 of the United States Code relates to "Banks and Banking." Section 1831j establishes whistleblower protection for employees of depository institutions and provides:

>    (a) In general
>
>    >    (1) Employees of depository institutions
>
>    >    No insured depository institution may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to the request of the employee) provided information to any Federal Banking agency or to the Attorney General regarding--

> (A) a possible violation of any law or regulation; or
>
> (B) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety;
>
> by the depository institution or any director, officer, or employee of the institution.
>
> (2) Employees of banking agencies
>
> No Federal banking agency, Federal home loan bank, Federal reserve bank, or any person who is performing, directly or indirectly, any function or service on behalf of the Corporation may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to the request of the employee) provided information to any such agency or bank or to the Attorney General regarding any possible violation of any law or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety by--
>
>> (A) any depository institution or any such bank or agency;
>>
>> (B) any director, officer, or employee of any depository institution or any such bank;
>>
>> (C) any officer or employee of the agency which employs such employee; or
>>
>> (D) the person, or any officer or employee of the person, who employs such employee.
>
> (b) Enforcement

Any employee or former employee who believes he has been discharged or discriminated against in violation of subsection (a) of this section may file a civil action in the appropriate United States district court before the close of the 2-year period beginning on the date of such discharge or discrimination. The complainant shall also file a copy of the complaint initiating such action with the appropriate Federal banking agency.

(c) Remedies

If the district court determines that a violation of subsection (a) of this section has occurred, it may order the depository institution, Federal home loan bank, Federal Reserve bank, or Federal banking agency which committed the violation--

> (1) to reinstate the employee to his former position;
>
> (2) to pay compensatory damages; or
>
> (3) to take other appropriate actions to remedy any past discrimination.

(d) Limitation

The protections of this section shall not apply to any employee who--

> (1) deliberately causes or participates in the alleged violation of law or regulation; or
>
> (2) knowingly or recklessly provides substantially false information to such an agency or the Attorney General.

(e) "Federal banking agency" defined

For purposes of subsections (a) and (c) of this section, the term "Federal banking agency" means the Corporation, the Board of Governors of the

>Federal Reserve System, the Federal Housing Finance Board, the Comptroller of the Currency, and the Director of the Office of Thrift Supervision.
>
>(f) Burdens of proof
>
>The legal burdens of proof that prevail under subchapter III of chapter 12 of Title 5 shall govern adjudication of protected activities under this section.

12 U.S.C. § 1831j.

The statute is silent with respect to whether a litigant has the right to jury trial. Moreover, as recognized by the parties, the Eleventh Circuit has not squarely addressed the issue in a published opinion. As Lippert points out, however, a few other circuits have at least touched upon the propriety of a jury trial. *See Simas v. First Citizens Federal Credit Union*, 170 F.3d 37, 49-52 (1st Cir. 1999) (reversing trial court's entry of summary judgment and referencing multiple times that jury would be deciding facts of case); *Frobose v. American Savings and Loan Association of Danville*, 152 F. 3d 602, 610 (7th Cir. 1998) (reversing summary judgment against whistleblower and referencing jury determination of certain issues involving retaliation). Moreover, the Eleventh Circuit's remand order in this case expressly uses the term of what "a reasonable jury could" find or conclude. *See Lippert v. Community Bank*, 438 F.3d 1275, 1278, 1281, 1282 (11th Cir. 2006).

Also, there are a few district court opinions that shed minimal light on the

subject including cases decided under the whistleblower provision of the federal Sarbanes-Oxley Act, 18 U.S.C. § 1514A[1] and at least one case involving § 1831j in which the case "was tried before the Court sitting without a jury" without any indication that the issue of a jury trial was ever raised, much less litigated. *See Haley v. Fiechter*, 953 F. Supp. 1085, 1087 (E.D. Mo. 1997), *aff'd sub. nom. Haley v. Retsinas*, 138 F.3d 1245 (8th Cir. 1998).

The explicit remedies provided for under § 1831j include job reinstatement, compensatory damages, and any other appropriate remedial actions. While the body of law developed under § 1831j leaves many unanswered questions, other employment-related areas of the law give this court guidance as to the appropriate ruling on Community's Amended Motion to Strike Jury Demand.

To the extent that Lippert seeks back pay and compensatory damages, he is entitled to a jury determination. *See Waldrop v. Southern Co. Services, Inc.*, 24 F.3d 152, 155, 159 (11th Cir. 1994) (addressing right to jury trial for back pay claim under the Rehabilitation Act):

---

[1]*See, e.g., Murray v. TXU Corp.*, No. Civ. A. 3:03-CV-0888-Pm 2005 WL 1356444 (N.D. Tex. June 7, 2005) (striking jury demand in Sarbanes-Oxley case due to absence of statutory provision for jury trial); *Fraser v. Fiduciary Trust Co. Int'l*, 417 F. Supp. 2d 310, 325 (S.D.N.Y. 2006) (denying motion to strike without prejudice to later renewal); *Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1332, 1334 (S.D. Fla. 2004) (same).

In determining whether a plaintiff is entitled to a jury trial, we first must interpret the statute. *Tull v. United States*, 481 U.S. 412, 417 n.3, 107 S. Ct. 1831, 1835 n. 3, 95 L. Ed. 2d 365 (1987). If the statute explicitly provides for a jury trial, then trial before a jury is merited. If the statute and its legislative history are silent regarding the right to a jury trial, then we must ask whether a jury trial is constitutionally required under the Seventh Amendment. *Id.; see also Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 n.3, 110 S. Ct. 1339, 1344 n.3, 108 L. Ed. 2d 519 (1990). . . .

Thus, an award of back pay under the Act to Waldrop grants her the "value" of the job for which she was wrongfully excluded and is thus compensatory damages, not "in kind" restitution. As such, there is no escaping the fact that the back pay relief sought by Waldrop was designed to compensate her for an injury, the loss of her job. Consequently, for Seventh Amendment purposes, Waldrop's claim for back pay pursuant to § 504 constituted legal relief. Accordingly, the court erred by denying Waldrop a jury trial.

24 F.3d at 159 (footnotes omitted).[2]

On the other hand, Lippert is not entitled to a jury trial with respect to any claim for front pay. *See, e.g., United States Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600 619 (11th Cir. 2000) ("We hold that front pay retains its equitable nature under Title VII after passage of the Civil Rights Act of 1991 and, thus, that the district court did not err in deciding front pay without submission to the

---

[2]The court recognizes that *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182 (11th Cir. 1985) creates a rule on back pay under Title VII and Section 1983 that is contrary to the holding in *Waldrop*. However, the *Sullivan* decision predates the Civil Rights Act of 1991, and in any event, this court agrees with Judge Acker's criticism of it as an essentially overturned case as set forth in *Blue Cross and Blue Shield v. Lewis*, 753 F. Supp. 345, 347 (N.D. Ala. 1991).

jury.") (footnote omitted); *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1545 (11th Cir. 1998) (determining pre-Civil Rights Act of 1991that award of front pay is equitable in nature).

### III. CONCLUSION

As analyzed above, Community's Amended Motion to Strike Jury Demand is **GRANTED** as it pertains to any award for front pay,[3] and **DENIED** as it relates to back pay and compensatory damages.

**DONE** and **ORDERED** this the 31st day of October, 2006.

    _____
    **VIRGINIA EMERSON HOPKINS**
    United States District Judge

---

[3]The jury, however, may still sit in an advisory capacity on the issue of front pay.